SEALED,DT_ROMERO,FPD
Email All Attys
Email All Attys and Secondary Emails

# US District Court Electronic Case Filing System
## District of Utah (Central)
### CRIMINAL DOCKET FOR CASE #: 2:21−mj−00088−CMR−1 *SEALED*

Case title: USA v. SEALED                    Date Filed: 02/11/2021

Assigned to: Magistrate Judge
Cecilia M. Romero

**Defendant (1)**

**Ethan Jeffrey Collins**          represented by   **Kristen R. Angelos**
                                                    FEDERAL PUBLIC DEFENDER
                                                    DISTRICT OF UTAH
                                                    46 W BROADWAY STE 110
                                                    SALT LAKE CITY, UT 84101
                                                    (801)524−4010
                                                    Email: kris_angelos@fd.org
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Public Defender or Community Defender Appointment*

**Pending Counts**                          **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                       **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                              **Disposition**

26:5861(d), 5871− Unlawful
possession of firearm silencers;
28:5861(f), 5871− Unlawful
manufacture of firearm silencers;
26:5861(i), 5871− Possession of

firearm silencers without a serial number

**Plaintiff**

**USA**      represented by    **Jennifer P. Williams**
US ATTORNEY'S OFFICE
111 S MAIN ST STE 1800
SALT LAKE CITY, UT 84111–2176
(801) 524–3260
Email: jennifer.williams2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/11/2021 | 1 | | Arrest (Rule 5) of Ethan Jeffrey Collins Warrant out of the USDC Colorado. Assigned to Magistrate Judge Cecilia M. Romero. (mas) (Entered: 02/11/2021) |
| 02/11/2021 | 2 | | ORDER SETTING ZOOM HEARING as to Ethan Jeffrey Collins: Initial Appearance – Rule 5 set for 2/18/2021 at 09:00 AM in Judges Chambers before Magistrate Judge Cecilia M. Romero. Signed by Magistrate Judge Cecilia M. Romero on 2/11/2021.(mas) (Entered: 02/11/2021) |
| 02/17/2021 | 3 | | **SEALED DOCUMENT** PRETRIAL SERVICES REPORT as to Ethan Jeffrey Collins (mec) (Entered: 02/17/2021) |
| 02/18/2021 | 4 | | Minute Entry for proceedings held before Magistrate Judge Cecilia M. Romero: Initial Appearance in Rule 5/5.1 Proceedings as to Ethan Jeffrey Collins held on 2/18/2021. All parties appear via zoom. Defendant present via zoom from Tooele County Jail. Defendant advised of his right to be physically present in court for this hearing. Defendant stated, in consultation with his lawyer, that he knowingly, voluntarily, and expressly waived his right to be physically present and that the hearing may be conducted by video conference. Defendant requested counsel. Financial Affidavit will be submitted. Appearance entered by Kristen R. Angelos for Ethan Jeffrey Collins on behalf of defendant. Added attorney Kristen R. Angelos for Ethan Jeffrey Collins. Waiver of Rule 5 Hearings reviewed and accepted in court and will be submitted. Defendant waives Identity Hearing and Requests a Probable Cause Hearing in Colorado. Government seeks detention under 18 USC 3142(f)(2). Court hears from Government. Due to technical issues, the Court continues this hearing to 3:00 pm today.<br><br>( Detention Hearing set for 2/18/2021 at 03:00 PM in Judges Chambers before Magistrate Judge Cecilia M. Romero.)<br><br>Attorney for Plaintiff: Adam Elggren, Attorney for Defendant: Kris Angelos, FPD. Probation Officer: Annie Carr. Court Reporter: Electronic/Zoom.(Time Start: 9:06 AM, Time End: 9:30 AM, Room Zoom.) (mas) (Entered: 02/18/2021) |
| 02/18/2021 | 5 | | DOCKET TEXT ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Ethan Jeffrey Collins No attached document. |

| | | | |
|---|---|---|---|
| | | | Representation shall continue for any post−sentencing activities initiated by the US Probation Office. Signed by Magistrate Judge Cecilia M. Romero on 2/18/2021.(mas) (Entered: 02/18/2021) |
| 02/18/2021 | 6 | | Minute Entry for proceedings held before Magistrate Judge Cecilia M. Romero: Detention Hearing as to Ethan Jeffrey Collins held on 2/18/2021. All parties appear via zoom. Defendant present via zoom from Tooele County Jail. Court reviews if threshold has been met to trigger a detention hearing. Court hears proffer from both parties. Court finds that Government has met its burden by preponderance of the evidence that meets the standard to trigger a detention hearing. Court hears argument from both parties. For the reasons stated on the record, Court orders that Defendant will be released on standard and special conditions. Court asks Government to check with AUSA in Colorado to see when Defendant is to appear before the District of Colorado. SEE ORDER SETTING CONDITIONS OF RELEASE.<br><br>Note: Any future review of detention will remain with the magistrate judge who entered the first detention order, even if an order of referral to a different magistrate judge is entered on this defendant's case.<br><br>Attorney for Plaintiff: Adam Elggren, Attorney for Defendant: Kris Angelos, FPD. Probation Officer: Annie Carr. Court Reporter: Electronic/Zoom.(Time Start: 2:57 AM, Time End: 3:59 AM, Room Zoom.) (mas) Modified on 2/18/2021 (mas). (Entered: 02/18/2021) |
| 02/18/2021 | 7 | | ORDER Setting Conditions of Release as to Ethan Jeffrey Collins. NOTE: Any future review of detention will remain with the magistrate judge who entered the first detention order, even if an order of referral to a different magistrate judge is entered on this defendant's case Signed by Magistrate Judge Cecilia M. Romero on 2/18/2021.(mas) (Entered: 02/18/2021) |

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 21-mj-00018-KLM |
| Ethan Jeffrey Collins | ) | |
| *Defendant* | | |

## ARREST WARRANT

TO: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay Ethan Jeffrey Collins, who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☒ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

26 U.S.C. §§ 5861(d), 5871    Unlawful possession of firearm silencers
26 U.S.C. §§ 5861(f), 5871    Unlawful manufacture of firearm silencers
26 U.S.C. §§ 5861(i), 5871    Possession of firearm silencers without a serial number

Date: **02 Feb 2021**

*Issuing officer's signature*

Kristen L. Mix
United States Magistrate Judge
*Printed name and title*

City and state: Denver, Colorado

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

4

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, W. Brian Schmitt, Special Agent with the Federal Bureau of Investigation, being duly sworn, deposes and states under penalty of perjury that the following is true to the best of my information, knowledge, and belief.

1. I am a Special Agent of the Federal Bureau of Investigation (FBI), and have been since July 2002. As part of my duties, I investigate criminal violations relating to attacks on critical infrastructure, domestic terrorism, and weapons violations to include explosives. I have received training and instruction in the field of investigation of domestic terrorism, Weapons of Mass Destruction (WMD), critical infrastructure, weapons violations, explosives, and transportation related violations and have had the opportunity to participate in investigations relating to attacks on critical infrastructure, domestic terrorism, WMD and weapons violations.

2. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause to believe that ETHAN JEFFREY COLLINS violated 26 U.S.C. §§ 5861(d) (unlawful possession of firearms silencers), 5861(f) (unlawful manufacture of firearm silencers); and 5861(i) (possession of firearm silencers without a serial number) (the "Subject Offenses").

3. The information contained within the affidavit is based on my training and experience, as well as information imparted to me by other law enforcement officers involved in this investigation.

## FACTS SUPPORTING PROBABLE CAUSE

### COLLINS's Polygraph Examination

4. In May 2020, COLLINS applied for a position with a particular federal government agency (the "Federal Government Agency"). As part of the hiring process with the Federal Government Agency, COLLINS was subjected to a polygraph examination.

5. On January 11, 2021, after failing three separate polygraph examinations, COLLINS was interviewed by the Federal Government Agency's polygraph examiner (the "Polygraph Examiner") regarding statements made before and during the terrorism portion of the polygraph examination.

6. Among other things, COLLINS told the Polygraph Examiner the following:

    a. In early 2020, COLLINS began research and formulating a plan to sabotage ("take down") the electrical power grid in Denver, Colorado. COLLINS admitted to studying power transmission lines and towers to determine what weaknesses they had. Being made of steel, COLLINS believed some type of powerful explosion would be needed to destroy them, but he did not have access to such explosives.

    b. COLLINS also studied power grid maps and blueprints found on open source websites on the internet. COLLINS identified several key locations he believed could be disrupted and blackout Denver and cut 80% of power to the state of Colorado.

1

      COLLINS stated that he believed that the power stations he identified operated using General Electric Natural Gas turbines and could be disabled by throwing a wrench or some other large metallic object into the turbine. COLLINS said that his work and experience as a pilot provided him with familiarity with turbines.

c. COLLINS said that he scouted some of the key locations he identified and took pictures of power facilities in the Denver area using the camera on his phone.

d. COLLINS initially stated he did not proceed with the plan because cutting off the power would likely lead to a great loss of life and many of those who would die would be civilians and would not target only government and law enforcement. Later, COLLINS admitted the reason he did not proceed with the attack is because he did not have the necessary manpower and support he needed to carry out his plan.

e. COLLINS stated he had a detailed plan physically saved to his computer hard drive but would not confirm if it was on his laptop currently in his possession or another computer he owned. COLLINS had no definite date for his attack on the power grid but believed it needed to occur during a snowstorm to cover his actions. COLLINS described his plan in detail, including the number of personnel and vehicles he believed he would need. COLLINS explained that he would need 72 people and 11 vehicles, split into teams, to carry out his attack. Each team would operate independently and would not be in communication during the attack so they could not provide information to law enforcement about the other teams.

f. One part of COLLINS's plan was to create a distraction. The distraction was to be an explosion on a freeway that would draw law enforcement resources far away from the real targets.

g. COLLINS also identified the Federal Reserve building in Denver, Colorado as a potential target. The Federal Reserve was targeted because COLLINS believes that the actions taken by the Federal Reserve in the past year, which he described as printing 30% of all money in circulation, was intended to create inflation that would cripple the U.S. economy and leave much of the country in poverty.

h. COLLINS also identified Data Centers for the state of Colorado as another target. COLLINS was able to find the locations and other information about the data centers through IP addresses found on the Colorado Department of Revenue website. COLLINS denied hacking into the site but stated he was very good with computers. COLLINS targeted the data centers because they contained all the Colorado driver's license information for the state of Colorado. COLLINS believed if the data centers were taken down, driver's license information would not be available for law enforcement to see who you were.

i. COLLINS also identified police stations in Denver as potential targets so it would be difficult for law enforcement to respond to his planned power outage if their facilities were not operational.

j. COLLINS said that, because of the COVID-19 shutdowns and restrictions, his hours as a pilot have been cut and his salary has been reduced by 55%. COLLINS distrusts government and law enforcement and the COVID-19 restrictions has caused an

increase in anger toward both. He began formulating his plan to disrupt the power grid around the time the COVID-19 shutdowns began.

k. COLLINS shared his admiration for the terrorist group ISIS because they had the courage and conviction to bring their vision of a society into existence through force. COLLINS said that he strongly disagreed with their ideology and their use of torture, rape, and murder, but he admired that they took decisive action and were able to form their own society.

l. COLLINS discussed the bombing in downtown Nashville that occurred on Christmas day 2020. COLLINS felt that the bomber was not a terrorist because he did not target innocent civilians. He described the bomber as a genius.[1]

m. COLLINS also shared his opinion on the recent plot to kidnap Michigan Governor Gretchen Whitmer. COLLINS stated that those plotting to kidnap the Governor would be justified in doing so if they arrested her and put her on trial for violating their rights as American citizens.[2]

n. COLLINS believes that somebody who targets only the government or law enforcement should not be considered a terrorist and only those who intentionally target innocent civilians are terrorists. COLLINS considers himself as a patriot, not a terrorist, but at one point during the interview did state he felt he was a terrorist. COLLINS said he has spent a lot of time thinking about how easy it would be to shutdown major infrastructure, which might be necessary in the case of a tyrannical government. COLLINS is not sure if the country has reached that point yet but if it has not it will soon.

o. COLLINS was asked what he would do if hired by the Federal Government Agency, given that he feels the government was taking away his rights. COLLINS stated that "you would need to watch your back" and that he upholds the Constitution. COLLINS said that the Federal Government Agency's mission is one of the few government duties that is legitimate and that 80% of the government should be abolished.

### Search Warrant at COLLINS's Residence

7. On January 29, 2021, law enforcement officers executed a judicially-authorized federal search warrant at COLLINS's residence in Centennial, Colorado.[3] Among other things, officers located the following items in the basement apartment occupied by COLLINS:

---

[1] On December 25, 2020, an individual detonated a bomb inside an RV in Nashville, Tennessee. The suspect was killed in the blast and eight other people were injured. The bomb caused significant property damage, including damaging an AT&T network hub, which caused days-long communication outages. Prior to the blast, witnesses reported hearing a recording broadcast from the RV urging people to evacuate the area.

[2] On October 8, 2020, law enforcement officers arrested 13 people accused of orchestrating a plot to kidnap Governor Whitmer in response to her COVID-19 lockdown policies.

[3] COLLINS listed this address in Centennial as his home address on paperwork he submitted along with his application for employment with the Federal Government Agency. It is also the address that is associated with COLLINS in law enforcement databases. COLLINS does not have a Colorado driver's license, but a vehicle registered to COLLINS at

3

     a. Three black pipe-shaped objects that appeared to be firearms silencers (the "Silencers");

     b. Firearms (what is believed to be a Romanian PSL/FPK 7.62 x 54mm sniper-type rifle with high powered scope; a Smith & Wesson M&P pistol of unknown caliber; a AR-15 type assault rifle, caliber .223, with black stocks and silver lower receiver; and a Makarov type pistol, unknown caliber);

     c. Ammunition (7.62 mm - approximately 1100 rounds; .223 (or 5.56mm NATO) - approximately 700 rounds; 9mm ammunition - approximately 100 rounds; and 7.62 mm - approximately 20 rounds);

     d. Ballistic vests and helmets; and

     e. Two phones and one computer.

8. During the execution of the search warrant, COLLINS—who was at home—was interviewed by law enforcement officers. Among other things, COLLINS stated that the Silencers were not registered because he made them.

## Firearms Silencers

9. From speaking with a special agent employed by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") I have learned the following about the Silencers that are described in paragraph 7(a), *supra*:

     a. The Silencers are black, cylindrical in shape, metal tubes approximately 12 to 15 inches in length with a threaded end which attaches to the muzzle of a pistol, submachine gun, or rifle. Upon visual inspection of the devices, internal sound baffles can be seen inside the cylindrical tube indicating the device is used for reducing the acoustic intensity of the muzzle blast.

     b. Accordingly, the Silencers are, in fact, "firearms silencers" as defined in 18 U.S.C. § 921(a)(24), that is, a "device for silencing, muffling, or diminishing the report of a portable firearm, including any combination of parts, designed or redesigned, and intended for use in assembling or fabricating a firearm silencer . . . ."

     c. As firearms silencers with the above-described characteristics, the Silencers are regulated "firearms" under 26 U.S.C. § 5845(a)(7). In order to lawfully possess silencers (and any regulated firearms), individuals must register them in the National Firearms Registration and Transfer Record.

     d. The Silencers are not registered to COLLINS in the National Firearms Registration and Transfer Record and were therefore possessed unlawfully pursuant to 26 U.S.C. § 5861(d).

---

this address was observed there before execution of the search warrant. Finally, COLLINS was home at the time of the search warrant execution, as described in paragraph 8, *infra*.

e. In order to lawfully make or manufacture the Silencers (and any regulated firearms), an individual must comply the National Firearms Act, including several requirements such as 26 U.S.C. § 5821 (a tax levied and paid for the making of a firearm), 26 U.S.C. § 5822 ("No person shall make a firearm unless" they make an application, pay a tax … and obtain approval from the Secretary of the Treasury), and 26 U.S.C. § 5841 ("Each … maker shall register each firearm he … makes" with the Secretary of the Treasury). The term "make" is defined in 26 U.S.C. § 5845(i) and includes, "various derivatives of such word, shall include manufacturing (other than by one qualified to engage in such business under this chapter), putting together, altering, any combination of these, or otherwise producing a firearm."

f. Because the Silencers are not registered to COLLINS in the National Firearms Registration and Transfer Record, he did not comply with the requirements of the National Firearms Act to lawfully make the Silencers. Therefore, the Silencers were made in violation of 26 U.S.C. § 5861(f).

g. In addition, the Silencers do not have serial numbers, as is required of silencers pursuant to 26 U.S.C. § 5861(i).

10. I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

*s/    W. Brian Schmitt*
Special Agent W. Brian Schmitt
Federal Bureau of Investigation

Sworn to before me this  2nd  day of February, 2021.

Hon. Kristen L. Mix
United States Magistrate Judge

Affidavit reviewed and submitted by Andrea Surratt, Assistant United States Attorney.

5

9

# UNITED STATES DISTRICT COURT
for the

District of Colorado

| United States of America | ) | | |
|---|---|---|---|
| | ) | | |
| v. | ) | | |
| | ) | Case No. | 21-mj-00018-KLM |
| | ) | | |
| Ethan Jeffrey Collins | ) | | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of January 28, 2021, in the county of Arapahoe, in the District of Colorado, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 26 U.S.C. §§ 5861(d), 5871 | Unlawful possession of firearm silencers |
| 26 U.S.C. §§ 5861(f), 5871 | Unlawful manufacture of firearm silencers |
| 26 U.S.C. §§ 5861(i), 5871 | Possession of firearm silencers without a serial number |

This criminal complaint is based on these facts:

See Affidavit attached hereto and herein incorporated by reference.

**X** Continued on attached sheet.

*/s W. Brian Schmitt*
*Complainant's signature*

Special Agent W. Brian Schmitt
*Printed name and title*

Sworn to before me and: ☐ signed in my presence.
☒ submitted, attested to, and acknowledged by reliable electronic means.

Date: **02 Feb 2021**

City and state: Denver, Colorado

Kristen L. Mix    *Judge's signature*
United States Magistrate Judge
*Printed name and title*

10

Case 1:21-cr-00053-RM Document 8 Filed 02/22/21 USDC Colorado Page 11 of 14
Case 2:21-mj-00088-CMR *SEALED* Document 7 Filed 02/19/21 PageID.30 Page 1 of 4

Order Setting Conditions of Release (Modified 03/19 UT)

# United States District Court

**DISTRICT OF UTAH**

| UNITED STATES OF AMERICA | ORDER SETTING |
|---|---|
| V. | CONDITIONS OF RELEASE |
| Ethan Jeffrey Collins | |
| | Case Number: **2:21mj88-CMR** |

IT IS SO ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant must not commit any offense in violation of federal, state or local or tribal law while on release in this case.

(2) The defendant must immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3) The defendant must appear in court as required and must surrender for service of any sentence imposed.

The defendant must next appear at (if blank, to be notified)

Enter text.
PLACE

Enter text. on Enter text.
DATE AND TIME

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

(4) The defendant promises to appear in court as required and to surrender for service of any sentence imposed.

(5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of

Enter text. dollars ($) Enter text.

in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

(6) The defendant must:

☒ (a) maintain or actively seek verifiable employment and/or maintain or commence an educational program as approved by the pretrial officer.

☒ (b) abide by the following restrictions on his/her personal associations, place of abode, or travel:
  ☒ (i) maintain residence at parents in So. Carolina and do not change without prior permission from the pretrial officer.
  ☒ (ii) not travel outside the state of South Carolina without prior permission from the pretrial officer.
  ☒ (iii) not travel outside the United States without prior permission from the Court.

☐ (c) maintain residence at a halfway house or community correction center.

☒ (d) avoid all contact with those named persons, who are considered either alleged victims, potential witnesses and/or codefendants.

☒ (e) report on a regular basis to the pretrial officer as directed.

☒ (f) not possess a firearm, ammunition, destructive device, or other dangerous weapon.

☐ (g) ☐ not use alcohol, ☐ not use alcohol to excess, ☐ not frequent establishments where alcohol is the main item of order.

☐ (h) not use or unlawfully possess a narcotic drug and other controlled substances defined in 21 U.S.C.§ 802 unless prescribed by a licensed medical practitioner. Prescriptions should be reported to the pretrial officer.

☐ (i) submit to drug/alcohol testing as directed by the pretrial officer; defendant shall pay all or part of the cost of the drug testing:
  ☐ (1) if testing reveals illegal drug use, the defendant must participate in drug and/or alcohol abuse treatment, if deemed advisable by the pretrial officer; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.
  ☐ (2) if testing reveals illegal drug use, the court will be notified immediately, with further action to be determined.

☐ (j) you must submit to Remote Alcohol Testing and abide by all of the program requirements for a period of \* days. You must pay all or part of the costs of participation in the program as directed by the pretrial officer.

☐ (k) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial officer; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.

☒ (l) undergo mental health evaluation and complete any recommended treatment, as directed by the pretrial officer, and take any mental health medications as prescribed; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.

☒ (m) surrender any passport to the United States Clerk of the Court, District of Utah within 15 days.

☒ (n) not obtain or apply for passport.

☐ (o) not incur new credit charges or open additional lines of credit without prior permission from the pretrial officer.

☐ (p) not be employed in any fiduciary capacity or any position allowing access to credit or personal information of others.

☐ (q) not view, access or possess any sexually explicit materials.

☐ (r) not have contact with those individuals under 18 years of age without adult supervision except as approved by the pretrial officer.

☒ (s) participate in one of the following location restriction program components and abide by its requirements as the pretrial officer instructs:
  ☐ (i) Curfew. You are restricted to your residence every day (Enter) from Enter to Enter or ☐ as directed by the pretrial officer; or
  ☒ (ii) Home Detention. You are restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities preapproved by the pretrial officer; or
  ☐ (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
  ☐ (iv) Inclusion Zone. You are required to be at the following location(s) at the following time(s): Enter text.

☐ (v) Exclusion Zone.  You are restricted from the following area(s):  Enter text.

☒ (t) be monitored by the form of location monitoring indicated below, and abide by all technology and program requirements.  The defendant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and the pretrial services officer.  No overnight travel without court approval.
- ☐ (i) Radio Frequency (RF) Monitoring;
- ☒ (ii) Global Positioning Satellite (GPS) Monitoring to be installed when Defendant is released from courthouse.
- ☐ (iii) Voice Recognition Monitoring: Requires analog phone service at approved residence at participant's expense;
- ☐ (iv) Virtual Monitoring Application: Requires smartphone with location services and push notification features enabled at participant's expense.

☐ (u) be monitored by the form of location monitoring technology, at the discretion of the pretrial services officer, and abide by all technology and program requirements.  The defendant shall pay all or part of the costs of participation in the location monitoring program as directed by the court and the pretrial services officer.

☒ (v) submit person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will warn any other residents that the premises may be subject to searches pursuant to this condition.

☒ (w) participate in the United States Probation and Pretrial Services Office Computer and Internet Monitoring Program under a ☐ co-payment plan or ☐ non-co-payment plan, and will comply with the provisions outlined in:
- ☐ (i) Appendix A - Limited Internet Access (Computer and internet use, as approved);
- ☒ (ii) Appendix B - Restricted Internet Access (Computer access only, as approved);
- ☐ (iii) Appendix C - Restricted Computer Access (No computer or internet access except for approved employment).

All computers, internet accessible devices, media storage devices, and digital media accessible to the defendant are subject to manual inspection/search, configuration, and the installation of monitoring software and/or hardware.

The defendant must submit person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will warn any other residents that all computers, internet accessible devices, media storage devices, and digital media may be subject to searches pursuant to this condition.

☐ (x) execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property.

☐ (y) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money:

☐ (z) execute a bail bond with solvent sureties in the amount of $  Enter text.

☒ (aa) be placed in the custody of a third party, who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Defendant's parents- Mr. and Mrs. Collins
Address
City and state     (Tel no.)

Signed:_____
Custodian or Proxy

☐ (7) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☐ (8) Attend Pretrial Pathways Program as directed by Pretrial Services.

☒ (9) Additional conditions:  Internet access is limited to addressing personal affairs including business, travel, banking and employment. He is expressly prohibited from accessing political or entertainment websites.

Page **3** of **4**

13

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

    YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

    The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence will be in addition to any other sentence.

    Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender must be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
City and State

## Directions to the United States Marshal

☒ The defendant is ORDERED released after processing from the courthouse on 2/19/2021 at 10:00 am to report to USPO, Zac McBride for GPS fitting.
☐ The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant must be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 2/18/2021

_/s/ Cecilia M. Romero_
Signature of Judicial Officer

Cecilia M. Romero, United States Magistrate Judge
Name and Title of Judicial Officer