**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Criminal Case No. 21-cr-00053-RM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. ETHAN COLLINS,

     Defendant.

---

**ORDER OF DETENTION**

---

THIS MATTER came before the Court on a hearing on the government's Motion for Revocation of Release Order (ECF No. 21) held on April 28, 2021.   The release order to which the motion pertains was issued in the District of Utah and stayed by this Court (ECF No. 7). Under the current posture of the case, the Court examines the issue of detention or release *de novo*.

This matter is contested.   In making my findings of fact, I have taken judicial notice of the information set forth in the court docket of proceedings, and have considered the various pleadings filed by the parties (ECF Nos. 15, 21 and 26), the Pretrial Services Report, and proffers made at the hearing.

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the

safety of any other person or the community.   18 U.S.C. § 3142(b).   The former element must

be established by a preponderance of the evidence, and the latter requires proof by clear and

convincing evidence.

      The Bail Reform Act establishes the following factors to be considered in determining

whether there are conditions of release that will reasonably assure the appearance of the

defendant and the safety of the community:

     (1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

     (2)    the weight of the evidence against the person;

     (3)    the history and characteristics of the person including–

     (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

     (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

     (4)    the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

      Weighing the factors set out in the Bail Reform Act, I find the following:   Defendant has

been charged by Indictment with unlawful possession of firearms (silencers) in violation of 26

U.S.C. § 5861.   The weight of the evidence against defendant is strong in this case.   While he

has spent time and resided and worked in Colorado, he currently lacks a residence, job or meaningful ties.   He has no history of failures to appear or failures to comply with conditions of supervision.   However, in this case, he abandoned his prior apartment and fled the state the day a search warrant was executed at his home.   He considered himself "on the run" and was apprehended in Utah by fortuity.   Based on these factors, I find that there is no condition or combination of conditions which could be imposed that would reasonably assure his appearance as required.

I also conclude by clear and convincing evidence that no condition or combination of conditions of release will reasonably ensure the safety of the community.   Defendant is a commercial pilot who applied for a job with Customs and Border Protection ("CBP"). Following a failed polygraph, he was interviewed and candidly discussed various matters.   He expressed, in varying ways, admiration and understanding with respect to ISIS, the individuals who attempted to kidnap the governor of Michigan and the recent Tennessee bomber.   He recited a plan of his own to destroy Denver's power grid, blow up facilities, disable police response and also to target the Federal Reserve.   CBP notified the FBI who executed two search warrants at defendant's residence where silencers, tactical gears, multiple firearms, over 2000 rounds of ammunition, and a propellant/explosive typically used in connection with model rockets were found.   After defendant's arrest, notepads or journals were recovered which contained details of this plan as well as hand-drawn diagrams of multiple police stations and power facilities.   While the plan was grandiose, it envisions an attack on government. Considering these facts and the information previously referenced, I conclude by clear and

convincing evidence that no condition or combination of conditions of release will reasonably ensure the safety of the community.

IT IS HEREBY ORDERED that the release order previously issued in the District of Utah is revoked and ECF No. 21 is GRANTED; and

IT IS FURTHER ORDERED that ECF No. 15 is DENIED; and

IT IS FURTHER ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED this 29th day of April, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge