IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00053-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ETHAN JEFFREY COLLINS,
     *a/k/a Ethan Collins,*

       Defendant.

---

## UNOPPOSED MOTION TO EXCLUDE 90 DAYS
## FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT

---

      The defendant, Ethan Jeffrey Collins ("Mr. Collins"), through undersigned counsel, David Kraut, respectfully moves the Court for an Order excluding 90 days from the Speedy Trial Act computations and vacating all currently-set deadlines and trial dates. The government does not oppose this motion. In support, Mr. Collins states:

### FACTUAL AND PROCEDURAL BACKGROUND

      Mr. Collins incorporates all factual and procedural information set forth in his previous motions regarding detention. ECF 15, 26. In short, police found three alleged unregistered silencers in Mr. Collins' Colorado home on January 29, 2021 and arrested Mr. Collins in Utah on February 8, 2021. Following Rule 5 proceedings in the District of Utah, Mr. Collins was detained pending transfer to the District of Colorado. He arrived in Colorado on April 23, 2021 and appeared before a Magistrate Judge in this district for the first time on April 26, 2021. Mr. Collins remains detained in this case.

Discovery production began before Mr. Collins arrived in Colorado. To date, the government has produced 1,966 pages of written material and photographs, 4 videos totaling approximately 2.5 hours of footage, and the results of forensic searches of five electronic devices. The electronic device search results and 170 pages of written material were produced on May 18, 2021. Counsel has not yet reviewed those materials. Counsel has reviewed the other written material, photographs, and videos. Discovery contains a one-page report regarding the FBI laboratory analysis of the three alleged silencers discovered in Mr. Collins' home. The government has agreed to provide additional discovery relating to this analysis and the parties have scheduled an interview with the analyst who authored the report. Counsel has not yet received that additional discovery.

The parties have engaged in preliminary plea negotiations. Counsel intends to gather mitigation information to present to the government in connection with further negotiations. The mitigation investigation is underway and ongoing, with additional records to collect and interviews to conduct.

**SPEEDY TRIAL CALCULATION**

In this case, the Speedy Trial Act's 70-day pre-trial period began running on April 26, 2021. 18 U.S.C. § 3161(c) (trial must commence within seventy days of the indictment filing date or the defendant's first appearance before the court in which such charge is pending, whichever date last occurs). Twenty-six days have elapsed from that seventy-day period.[1] If the Court grants this motion, the Speedy Trial Act will allow the Court to begin Mr. Collins's trial within 134 days of the resolution of this motion. 18 U.S.C. § 3161(h)(1)(D) (delay resulting from pretrial motion,

---

[1] These days occurred between April 26, 2021 and May 21, 2021.

from filing through disposition of such motion, shall be excluded in computing the time within which trial must commence).

## LEGAL AUTHORITY

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted,

3

would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

"Before deciding whether to plead guilty, a defendant is entitled to the 'effective assistance of competent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). In this context, effective representation requires "counsel's informed opinion as to what pleas should be entered." *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997).

## ARGUMENT

Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

The ends of justice served by this requested delay either outweigh or serve the best interest of the public and Mr. Collins.  First, proceeding within the current time requirements would deny counsel for the defendant the reasonable time necessary for effective preparation, which includes the time necessary to receive and review all discovery, conduct any necessary defense investigation, and accurately advise Mr. Collins regarding the likelihood of conviction at trial as well as the likely sentencing guideline range if convicted. Discovery is ongoing and not yet complete in this case. Without a complete review of discovery and knowledge of Mr. Collins's criminal history, counsel cannot provide such advice.

Defense counsel's request for a continuance in this case also satisfies the factors set forth in *West*.

First, defense counsel has been diligent in reviewing discovery and in the timeliness of this request. Defense counsel completed a thorough review of written discovery soon after receiving it and continues to review additional discovery material that has been produced. Further, defense counsel has shown diligence in this request by making it before the scheduled jury trial and at the motions deadline.

Second, it is likely that this continuance would accomplish the underlying purpose of this request. Excluding 90 days from the requirements of the Speedy Trial Act should allow defense counsel the time to review all currently produced and expected discovery, conduct the necessary defense investigation, effectively advise Mr. Collins regarding possible motions issues, trial defenses, and the plea negotiation process, and to present information to the government in connection with negotiations. This type of thorough evaluation is necessary to advise Mr. Collins as to his options and potential strategies for his defense. A 90-day continuance would allow defense counsel time to accomplish these purposes, all of which are necessary to provide Mr. Collins with full and effective assistance of counsel.

Third, the defense asserts that the 90-day continuance sought in this matter will not prejudice the government. The parties have conferred and counsel for the government does not oppose this request.

The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance defense counsel will be unable to adequately advise Mr. Collins regarding the discovery, results of defense investigation, and the possibility of resolving the case by plea agreement. Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective

5

assistance of counsel and Mr. Collins's right to be effectively represented in these proceedings will be seriously damaged.

## **<u>CONCLUSION</u>**

Wherefore, Mr. Collins respectfully requests this Court for an Order vacating all current deadlines and the trial date and excluding 90 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).


Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


*s/ David Kraut*
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:     (303) 294-7002
FAX:               (303) 294-1192
Email:            David_Kraut@fd.org
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2021, I filed the foregoing ***Unopposed Motion To Exclude 90 Days From The Requirements Of The Speedy Trial Act*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

  Andrea Lee Surratt, Assistant United States Attorney
  E-mail: andrea.surratt@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

  Ethan Collins (via U.S. mail)


      *s/ David Kraut*
      DAVID KRAUT
      Assistant Federal Public Defender
      633 17th Street, Suite 1000
      Denver, CO  80202
      Telephone: (303) 294-7002
      FAX:  (303) 294-1192
      Email:  David_Kraut@fd.org
      Attorney for Defendant

7