IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00053-RM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ETHAN JEFFREY COLLINS,
    *a/k/a Ethan Collins,*

       Defendant.

---

**UNOPPOSED MOTION TO EXCLUDE 60 DAYS
FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

---

The defendant, Ethan Jeffrey Collins ("Mr. Collins"), through undersigned counsel, David Kraut, respectfully moves the Court for an Order excluding 60 days from the Speedy Trial Act computations and vacating all currently-set deadlines and trial dates. The government does not oppose this motion. In support, Mr. Collins states:

**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Collins incorporates all factual and procedural information set forth in his previous motion to exclude time from the requirements of the Speedy Trial Act. ECF 41. In short, police found three alleged unregistered silencers in Mr. Collins' Colorado home on January 29, 2021 and arrested Mr. Collins in Utah on February 8, 2021. Following Rule 5 proceedings in the District of Utah, Mr. Collins was detained pending transfer to the District of Colorado. He arrived in Colorado on April 23, 2021 and appeared before a Magistrate Judge in this district for the first time on April 26, 2021. Mr. Collins remains detained in this case.

Discovery production began before Mr. Collins arrived in Colorado. To date, the government has produced 3,260 pages of written material and photographs, 12 media files containing approximately 2.5 hours of video footage, and the results of forensic searches of five electronic devices, which contain additional audio/video recordings. Counsel has reviewed these materials.

On April 30, 2021, undersigned counsel asked government counsel to produce all material and information relating to Mr. Collins' application to work for the U.S. Customs and Border Protection Agency ("CBP"). Specifically, counsel sought notes, recordings, reports, and other information relating to Mr. Collins' CBP job interview and polygraph examination. Government counsel promptly replied notifying defense counsel that she did not possess that material, but would attempt to obtain it from CBP and produce it through the discovery process. The parties continued to discuss this request throughout May, June, and July, but government counsel has been unable to obtain the material requested.

Based on the government's inability to obtain these materials, Mr. Collins intends to file an application for a subpoena duces tecum requiring the production of this material in Court at a date before trial. The Assistant United States Attorney prosecuting Mr. Collins takes no position on the issuance of such a subpoena and Mr. Collins does not oppose producing the material to government counsel.

Mr. Collins, through counsel, requires the CBP material to prepare for trial, determine whether to file motions, and if so, which motions, evaluate any potential plea offer and engage in plea negotiations, and evaluate and develop possible sentencing positions.

More specifically, Mr. Collins cannot place his statements to the CBP interviewer in proper context without this material. The hearing on the government's motion to revoke the Utah

Magistrate Judge's release order revealed several points of contention between the Court and Mr. Collins, none more central to the issue of future dangerousness than *why* Mr. Collins made these statements. As counsel asserted during the hearing, Mr. Collins did not make these statements because he wanted or expected the CBP interviewer to join or support an actual attempt to attack energy facilities or government buildings, or because he genuinely intended to carry out any of the acts described. Rather, counsel proposed Mr. Collins made these statements because, through the interview and polygraph process, he mistakenly came to believe that doing so could help him obtain the job. The Court rejected counsel's theory. Further investigation conducted by the defense has produced support for Mr. Collins' position, but without information regarding the interview and polygraph process, Mr. Collins cannot establish the facts necessary to present his side of this important potential sentencing issue. Counsel does not know whether the interview or polygraph examination was video recorded, but believes material relating to that process exists within the possession of CBP and would benefit Mr. Collins in this case.

In addition, defense counsel has retained a confidential expert consultant. This consultant has met with Mr. Collins once, but must send a qualified colleague to meet with him a second time before producing a report that would likely benefit Mr. Collins during negotiations, in evaluating potential motions issues, and/or in preparation for possible sentencing issues. Despite counsel's repeated efforts, the staff at the Federal Detention Center ("FDC") have not scheduled the second visit. The FDC staff are not refusing to allow the expert to see Mr. Collins, they are simply not replying to counsel's emails and calls. Counsel expects that second visit to occur within the next two weeks.

## SPEEDY TRIAL CALCULATION

In this case, the Speedy Trial Act's 70-day pre-trial period is currently scheduled to expire on October 4, 2021. ECF 42 at 5. If the Court grants this motion, the 70-day clock, exclusive of tolled time, would be extended to December 3, 2021.

## LEGAL AUTHORITY

This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  18 U.S.C. § 3161(h)(7)(B)(i).  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted."  *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)).  The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time.  *See id.* at 1271.  Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  *See id.* at 1271-72.

In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

"Before deciding whether to plead guilty, a defendant is entitled to the 'effective assistance of competent counsel.'" *Padilla v. Kentucky*, 559 U.S. 356, 364 (2010) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). In this context, effective representation requires "counsel's informed opinion as to what pleas should be entered." *United States v. Carter*, 130 F.3d 1432, 1442 (10th Cir. 1997).

## ARGUMENT

Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

The ends of justice served by this requested delay either outweigh or serve the best interest of the public and Mr. Collins. First, proceeding within the current time requirements would deny counsel for the defendant the reasonable time necessary for effective preparation, which includes the time necessary to receive and review all discovery, conduct any necessary defense investigation, evaluate motions issues, accurately advise Mr. Collins regarding the likelihood of conviction at trial as well as the likely sentencing guideline range, and sentence, if convicted. Without a complete review of discovery and an opportunity to review the results of a promising expert consultation that remains in progress, counsel cannot provide such advice.

Defense counsel's request for a continuance in this case also satisfies the factors set forth in *West*.

First, defense counsel has been diligent in reviewing discovery and in the timeliness of this request. Defense counsel completed a thorough review of written discovery soon after receiving it, continued to review additional discovery material that has been produced, and has reviewed extensive materials provided in this case. Further, defense counsel has shown diligence in this request by making it before the scheduled jury trial and at the motions deadline.

Second, it is likely that this continuance would accomplish the underlying purpose of this request. Excluding 60 days from the requirements of the Speedy Trial Act should allow defense counsel the time to obtain and review the CBP material sought, complete the expert consultation process, effectively advise Mr. Collins regarding possible motions issues, trial defenses, and the plea negotiation process, and to present information to the government in connection with negotiations. This type of thorough evaluation is necessary to advise Mr. Collins as to his options and potential strategies for his defense. A 60-day continuance would allow defense counsel time to accomplish these purposes, all of which are necessary to provide Mr. Collins with full and effective assistance of counsel.

Third, the defense asserts that the 60-day continuance sought in this matter will not prejudice the government. The parties have conferred and counsel for the government does not oppose this request.

The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. The need for the continuance is described throughout this motion. Without the requested continuance defense counsel will be unable to adequately advise Mr. Collins regarding the discovery, results of defense investigation, and

the possibility of resolving the case by plea agreement. Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Collins's right to be effectively represented in these proceedings will be seriously damaged.

## **CONCLUSION**

Wherefore, Mr. Collins respectfully requests this Court for an Order vacating all current deadlines and the trial date and excluding 60 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*s/ David Kraut*
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:    (303) 294-7002
FAX:             (303) 294-1192
Email:           David_Kraut@fd.org
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2021, I filed the foregoing *Unopposed Motion To Exclude 60 Days From The Requirements Of The Speedy Trial Act* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail address:

Andrea Lee Surratt, Assistant United States Attorney
E-mail:  andrea.surratt@usdoj.gov

I hereby certify that I have mailed or served the document or paper to the following participant in the manner (mail, hand-delivery, etc.) indicated next to the participant's name:

Ethan Collins (via U.S. mail)

*s/ David Kraut*
DAVID KRAUT
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:	(303) 294-7002
FAX:	(303) 294-1192
Email:	David_Kraut@fd.org
Attorney for Defendant