IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00053-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     ETHAN COLLINS,

      Defendant.

---

**PLEA AGREEMENT**

---

The United States of America (the government), by and through Andrea Surratt, Assistant United States Attorney for the District of Colorado, and the defendant, ETHAN COLLINS, personally and by counsel, David Kraut, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.  This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

**I.    AGREEMENT**

**A. Defendant's Plea of Guilty:**

The defendant agrees to:

(1)    plead guilty to Count One of the Indictment charging a violation of 26 U.S.C. § 5861(d);

(2)    waive certain appellate and collateral attack rights, as explained in detail below;

(3)    recommend that the court impose a term of supervised release of three years to follow any term of imprisonment;

(4)    not object to the following special conditions of supervised release, if recommended by probation:

Court Exhibit

1
21-cr-53-rm

    a. Mental health testing and treatment;
    b. Use of computers and internet-capable devices limited to those requested to use and authorized by probation department;
    c. Installation of hardware/software designed to monitor computer activities on computers or internet-capable devices authorized by the probation department;
    d. Submission of person, property, house residence, vehicle, papers, computer, internet-capable devices, to a search by probation officer
    e. Defendant will reside with his parents in South Carolina if that residence is visited and approved by probation
    f. Completion of 48 community service hours within first year of supervised release; and

(3)    not contest forfeiture as more fully described below.

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(A). The United States Attorney's Office, District of Colorado agrees not to bring other charges against the defendant based on information currently known to the United States Attorney's Office, District of Colorado concerning the information the defendant proffered to Customs and Border Protection during a January 2021 employment polygraph, and to move to dismiss Counts Two through Six of the Indictment with prejudice.  The United States Attorney's Office, District of Colorado additionally agrees not to bring charges against any other person for the silencers located in the defendant's apartment on January 29, 2021.  Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment.

Provided the defendant does not engage in prohibited conduct or otherwise implicate U.S.S.G. §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and

agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

### C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1)   the sentence exceeds the maximum sentence provided in the statute of conviction, 26 U.S.C. § 5861(d);

(2)   the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 15; or

(3)   the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence.  But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)   the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2)     the defendant was deprived of the effective assistance of counsel; or

(3)     the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.  In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

**D. Forfeiture of Assets:**

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere.  The assets to be forfeited specifically include, but are not limited to: three silencers taken from the defendant's home on January 29,

Page 4 of 10

2021.  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.  The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters.  Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him if notice is not sent within the prescribed time frames.  The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that the above-described silencers, which were seized from the defendant's residence for evidentiary purposes, and which are currently in the custody or control of the Federal Bureau of Investigation were lawfully seized and are evidence, contraband, or fruits of the crime to which the defendant is pleading guilty. The defendant, as sole and rightful owner,[1] relinquishes and abandons all claims, title, and interest the defendant has in such property with the understanding and consent that Federal Bureau of Investigation may dispose of the property without further obligations.

## II.    ELEMENTS OF THE OFFENSE(S)

---

[1] Mr. Collins acknowledges that he was the sole and rightful owner of the silencer listed in the offense of conviction (Count 1 of the Indictment), but asserts he neither knowingly possessed nor owned the other two silencers found in his apartment. By agreeing to forfeit the other two silencers, Mr. Collins does not stipulate to owning, possessing, or maintaining a possessory interest in either of those silencers.

The parties agree that the elements of 26 U.S.C. § 5861(d) are as follows:

1. The defendant knowingly possessed a firearm as defined by 26 U.S.C. § 5845(a), specifically a firearm silencer, which is defined in 18 U.S.C. § 921(a)(24) and means "any device for silencing, muffling, of diminishing the report of a portable firearm . . ."

2. The defendant knew of the specific characteristics or features of the firearm that caused it to be registrable under the National Firearms Registration and Transfer Record;

3. The firearm was in or could readily have been put in operating condition; and

4. The firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

### III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count One of the Indictment are: not more than 10 years' imprisonment; a maximum term of supervised release of 3 years; a maximum fine of $10,000; and $100 mandatory victim's fund assessment fee.

### IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

On or about January 29, 2021, special agents of the Federal Bureau of Investigation and other law enforcement officers executed a search warrant at the home of Ethan Collins in Centennial, Colorado.  During execution of the search warrant, agents located three firearms silencers, none of which were registered to the defendant in the National Firearms Registration and Transfer Record.  Each of the three silencers meets the definition of firearm silencer in 18 U.S.C. § 921(a)(24) in that they are each a device for "silencing, muffling, of diminishing the report of a portable firearm . . ."

The silencer that forms the basis for Count One, the count of conviction, was located on a bookshelf in the defendant's home.  The defendant admits that he knowingly possessed this silencer.  The other two silencers were located in yellow bike bags in the defendant's bedroom.  The defendant does not admit knowing possession of these latter two silencers.

## VI.  ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States

Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate.  The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range.  To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a)     Under U.S.S.G. § 2K2.1(a)(5), the base offense level is 18.

b)     It is the government's position that, pursuant to U.S.S.G. § 2K2.1(b)(1), two levels are added because the offense involved 3 firearms.  It is the defendant's position that the enhancement in U.S.S.G. § 2K2.1(b)(1) does not apply because the defendant possessed only one silencer.

c)     It is the government's position that the adjusted offense level is 20. It is the defendant's position that the adjusted offense level is 18.

d)     The parties agree that, pursuant to U.S.S.G. §§ 3E1.1(a) and (b), three levels are subtracted for acceptance of responsibility.

e)     It is the government's position that the resulting total offense level is 17.  It is the defendant's position that the resulting total offense level is 15.

f)     The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions.  The parties believe the defendant is in criminal history category I.

g)     The career offender/criminal livelihood/armed career criminal adjustments do not apply.

h)     At offense level 17, the resulting advisory guideline range is 24-30 months.  At offense level 15, the resulting advisory guideline range is 18-24 months.

    i)       However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense levels estimated above could conceivably result in a range from 18-24 months (bottom of Category I at offense level 15) to 51-63 months (top of Category VI at offense level 17).

    j)       The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

    k)      Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $7,500 to $10,000 (at offense level 15) or $10,000 (at offense level 17) plus applicable interest and penalties.

    l)       Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term shall be at least one year but not more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any *18 U.S.C.* § 3553 factor.

## VII.    ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: _____        _____
                             Ethan Collins
                             Defendant

Date: _____        _____
                             David Kraut
                             Attorney for Defendant

Date: _____        _____
                             Andrea Surratt
                             Assistant U.S. Attorney