IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00053-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     ETHAN COLLINS,

        Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**
_____

COMES NOW the United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Laura B. Hurd, pursuant to 26 U.S.C. § 5872, 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2, and moves this Court to enter a Preliminary Order of Forfeiture.

**I.    Procedural Background**

1.    On February 17, 2021, an Indictment was filed charging defendant Ethan Collins in Counts One, Two and Three, with violations of 26 U.S.C. §§ 5841, 5861(d), and 5871; and in Counts Four, Five and Six, with violations of 26 U.S.C. §§ 5842, 5861(i), and 5871.  The United States also sought forfeiture, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), of any and all firearms involved in the commission of the offenses. (ECF Doc. 4).

2.    On November 23, 2021, defendant Ethan Collins entered into a Plea Agreement. The Plea Agreement provides, *inter alia*, that the defendant plead guilty to

1

Count One, a violation of 26 U.S.C. § 5861(d), and further agreed to the forfeiture of the silencers taken from the defendant's home on January 29, 2021.  (ECF Doc. 53, p. 4-5).

3.      Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c) as soon as practicable after a plea of guilty.  The Court's determination may be based on any plea agreement, any other evidence already in the record, and any other additional evidence submitted by the parties that the Court deems relevant and reliable.  Fed. R. Crim. P. 32.2(b)(1)(B).

4.      Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture.  Fed. R. Crim. P. 32.2(b)(2)(A).  It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(b)(2)(B).

5.      As set forth in the Stipulation of Facts, on January 9, 2021, a search warrant was executed at the home of defendant Ethan Collins in Centennial, Colorado. During execution of the search warrant, agents located three firearms silencers, none of which were registered to the defendant in the National Firearms Registration and Transfer Record. The silencer that forms the basis for Count One, the count of conviction, was located on a bookshelf in the defendant's home. The defendant admits that he knowingly possessed this silencer. The other two silencers were located in yellow bike bags in the defendant's bedroom.  (ECF Doc. 53, p. 7).[1]  Accordingly, the defendant's interest in the

---

[1] Based on the Plea Agreement, the defendant has agreed to administrative forfeiture or

silencer located on the bookshelf in the defendant's home is subject to forfeiture to the United States pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c).

6.      A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture.  In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for the silencer located on the bookshelf in the defendant's home on January 29, 2021, tendered herewith, for the reasons set forth above.

DATED this 31st day of January 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:      s/ Laura B. Hurd
         Laura B. Hurd
         Assistant U.S. Attorney
         U.S. Attorney's Office
         1801 California Street, Suite 1600
         Denver, Colorado 80202
         Telephone: (303) 454-0100
         E-mail: laura.hurd@usdoj.gov
         Attorney for the United States

---

abandonment of the other two silencers seized.  (ECF Doc. 53, p. 5).  Therefore, the two silencers seized from the apartment will not be criminally forfeited in this case.