IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.: 21-cr-53-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     ETHAN COLLINS,

      Defendant.

## LIMITED MOTION TO UNRESTRICT DOCUMENTS

The United States of America, by and through Assistant United States Attorney Andrea Surratt, respectfully moves this Court for an order unrestricting the documents at ECF # 21 (plus its exhibits) and ECF #60 in the above-captioned matter for the limited purpose of providing the documents to the Transportation Security Administration ("TSA").

<u>Background of Criminal Case</u>

Ethan Collins, the defendant in the above-captioned matter, was charged by criminal complaint on February 2, 2021.  ECF #1.  He was arrested in the District of Utah on February 11, 2021.  ECF #8.  The defendant was indicted in the District of Colorado on February 17, 2021, for possession of unregistered silencers and possession of silencers without serial numbers.  ECF #4.  After the defendant arrived in the District of Colorado, the parties litigated the issue of detention before this Court.  In support of its position for detention, the Government filed a Motion for Revocation of

Release Order and Opposition to Defendant's Motion for Pretrial Release, attaching 11 exhibits ("Government's Detention Motion").   ECF #21.   The Government filed this motion under restriction because it referenced other restricted documents and certain of the exhibits contained personal identifying information for several individuals.   ECF #22 (Brief in Support of Motion to Restrict).   On April 28, 2021, this Court ordered the defendant detained pending trial.   ECF #38, 39.

The defendant ultimately pled guilty on November 23, 2021, to Count One of the Indictment, which charged possession of an unregistered silencer, in violation of 26 U.S.C. § 5851(d).   ECF #53.   On January 28, 2022, the Government filed a Sentencing Statement advocating for a within-Guidelines sentence of 30 months' imprisonment.   ECF #60.   Pursuant to the Court's practice standards, the Government's Sentencing Statement was filed under restriction.   On March 4, 2022, the defendant was sentenced to a term of imprisonment of 18 months to be followed by three years of supervised release.   ECF #71.   The defendant has finished the incarceratory portion of his sentence and is currently serving his term of supervised release.

As this Court no doubt recalls, although the defendant was charged with position of unregistered silencers, most of the litigation in this matter was related to the defendant's concerning statements and behavior in the time leading up to his arrest. Specifically, in May 2020, the defendant was a commercial pilot who applied for a job with a particular federal government agency.   During his pre-employment polygraph, the defendant told the polygraph examiner, among other things, that he had been plotting to commit acts of terrorism in and around the Denver metropolitan area.

Evidence recovered during execution of search warrants at the defendant's house revealed that—in the Government's view—he had taken steps in furtherance of these plots.

### Transportation Security Administration

Pursuant to 49 U.S.C. § 46111, the TSA has responsibility for conducting vetting of individuals issued FAA certificates, including certificates that authorize holders to serves as pilots or other required crewmembers onboard commercial aircraft, as pilots of remotely operated vehicles, and as ground instructors.  TSA is responsible for directing FAA to amend, modify, suspend, or revoke FAA-issued certificates upon determining that the holder of the certificate poses, or is suspected of posing, a risk of air piracy or terrorism or a threat to airline or passenger safety.  49 U.S.C. § 46111(a). In this case, on March 23, 2021, based on its investigation, including a review of the criminal complaint filed in this matter at ECF #1, TSA found that this standard had been met and issued a Determination of Security Threat revoking the defendant's FAA certificates.

The defendant has appealed TSA's Determination of Security Threat, exercising his right to a hearing before an Administrative Law Judge ("ALJ").  *See* 49 U.S.C. § 46111(b).  TSA counsel contacted the undersigned Assistant United States Attorney and requested assistance obtaining certain documents that were filed on ECF during the defendant's criminal case to utilize in the hearing before the ALJ.  In particular, TSA counsel seeks the Government's Detention Motion and its exhibits, filed under restriction at ECF #21, and the Government's Sentencing Statement, filed under restriction at ECF #60.  TSA counsel also sought the transcript from the sentencing

proceeding, which the Government has already provided, with the restrictions on use described below.

TSA counsel has informed the Government that, if it is authorized to receive the requested documents, TSA proposes to protect them from public disclosure by designating them as Sensitive Security Information ("SSI") pursuant to 49 U.S.C. § 114(r) and 49 C.F.R. Part 1520 (describing SSI as "information obtained or developed in the conduct of security activities . . . the disclosure of which TSA has determined would (1) [c]onstitute an unwarranted invasion of privacy (including, but not limited to, information contained in any personnel, medical, or similar file); (2) [r]eveal trade secrets or privileged or confidential information obtained from any person; or (3) [b]e detrimental to the security of transportation").  49 C.F.R. § 1520.5(a).  Designation of information as SSI would restrict further disclosure of to these documents only to individuals designated as covered persons with a need to know.  49 C.F.R. § 1520.9(a)(2).  People with a "need to know" in this case might be, for example and among others, the ALJ and his staff, as well as individuals within the TSA responsible for performing vetting operations.

Request

The Government respectfully requests that the Court enter an order authorizing unrestriction of the documents at ECF # 21 (plus its exhibits) and ECF #60 in the above-captioned matter for the limited purpose of permitting the Government to provide the documents to the TSA for use in its vetting of the defendant, including for use in the defendant's appeal of the TSA's Determination of Security Threat.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: *s/ Andrea Surratt*
Andrea Surratt
Assistant U.S. Attorney
(303) 454-0100
Andrea.Surratt@usdoj.gov